UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROY BRANTLEY (#361380), Plaintiff | CIVIL ACTION NO. 1:16-CV-1387-P |
| VERSUS | CHIEF JUDGE DRELL |
| LA DEPT. OF SAFETY & CORRECTIONS, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Roy Brantley (#361380) ("Brantley"). Brantley was granted leave to proceed *in forma pauperis*. (Doc. 6).  Brantley names as defendants the Louisiana Department of Corrections ("DOC"), Pam Horn, Tommy Glover, Carl Coleman, Chief Lucas, and Winn Correctional Center ("WCC"). Brantley complains that he was wrongfully sanctioned with the loss of good time credits following several disciplinary convictions.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.  Background

Brantley alleges that he lost a total of 1,003 days of good time based on disciplinary convictions received at WCC. (Doc. 1, p. 3). Brantley complains that the sanctions were imposed by employees of the private prison management group Corrections Corporation of America ("CCA") rather than the DOC. (Doc. 1, p. 3).

Brantley seeks the reinstatement of his good time credits or monetary compensation of $5,000 per day that he is incarcerated based on the good time credits that were forfeited. (Doc. 1, p. 4).

## II.    Law and Analysis

### A.    Brantley's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Brantley is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 6).   As a prisoner seeking redress from an officer or employee of a governmental entity, Brantley's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Brantley's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.**     <u>Brantley's claim should be dismissed under §§ 1915(e)(2)(b) and 1915A.</u>

Brantley seeks the reinstatement of 1,003 days of good time credits. Alternatively, Brantley seeks $5,000 per day for each day he is confined based on the lost good time. (Doc. 1, p. 3). "A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973). A habeas action is the proper procedure for challenging the fact or duration of confinement. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (sole federal remedy for state prisoner challenging the fact or duration of his physical imprisonment and seeking an immediate or a speedier release from custody is a writ of habeas corpus). Therefore, Brantley's request for the reinstatement of good time should be dismissed.

Additionally, if a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a § 1983 action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). A "conviction," for purposes of <u>Heck</u>, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997).

3

An award of damages related to his lost good time credits would necessarily imply the invalidity of Brantley's disciplinary convictions. Because Brantley's disciplinary convictions have not been reversed, expunged, or declared invalid, his claim for monetary damages should be dismissed with prejudice until the <u>Heck</u> conditions have been met. <u>See</u> <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

## III.  <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Brantley's claim for reinstatement of good time be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A, and Brantley's claim for monetary damages be DENIED and DISMISSED without prejudice to refiling once the <u>Heck</u> conditions have been met.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28th day of November, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge